NORMAN OSTROFF *vs.* BOARD OF APPEALS OF LEXINGTON. December 22, 1976. The defendant board of appeals correctly decided that the 6,600 square foot parcel which fronts on the unconstructed road called "First Street" (and on which the plaintiff seeks to build) was not exempted by § 26.51 of the zoning by-law from the minimum area (30,000 square feet) and frontage (150 feet) provisions of § 27 of the by-law. Section 26.51 has minimum area and frontage requirements of its own which, though in all instances less stringent than those imposed by § 27, become increasingly severe as one reads down the chronologically arranged list of time periods appearing in the table of exemptions. It is clear from that table that in order to qualify for an exemption, a lot (or aggregation of lots in common ownership) must not only be shown on a plan or deed recorded within one of those periods, but must also meet the area and frontage minima applicable to that period. We think it to be equally clear that those minima refer to the area and frontage existing *at the time of such recording.* Such a chronologically oriented interpretation follows from the format of the table of exemptions and is bolstered by the pertinent definitions contained in § 40 of the by-law. For "frontage" to exist, as defined in that section, there must be a "street," and the only one of the three alternative definitions of the term "street" relevant to the present case is "[a] way shown on a plan *theretofore* approved and endorsed in accordance with the Subdivision

Control Law" (emphasis supplied). Moreover, our interpretation is fully consistent with the rule that a zoning by-law which establishes generally applicable minimum lot requirements is ordinarily construed "to freeze and minimize substandard lots." *Giovannucci* v. *Board of Appeals of Plainville, ante,* 239, 242 (1976). Thus, even assuming that the plaintiff was entitled to rely on the plan recorded in 1914 as one falling within the earliest of the time periods enumerated in § 26.51 ("[p]rior to March 17, 1924"), despite the existence of later recorded plans, the land did not at that time have "any" frontage, as required for land on a plan so recorded, and was therefore ineligible for exemption from the area and frontage requirements of § 27. For that reason we need not decide whether, as contended by the plaintiff, the decree of the Land Court entered forty-four years after the 1914 recording had the belated effect (by operation of G. L. c. 41, § 81FF) of constituting First Street an "approved" street and thus creating "frontage" for the plaintiff's land where none had previously existed.

*Judgment affirmed.*

*Francis J. Lawler* for the plaintiff.
*Reginald H. Howe* for the Board of Appeals of Lexington.


